IN THE UNITED STATES DISTRICT COURT
DISTRICT COURT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ESHAWN JESSICA SCIPIO<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT J. CONRAD, in his official and individual capacity as Director of the Administrative Office of the U.S. Courts, Administrative Office of the United States Courts; ADMINISTRATIVE OFFICE OF THE U.S. COURTS – PACER.<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

FEB 20 '26 PM 12:10
RCV'D – USDC FLO SC

## **COMPLAINT**

### **PRELIMINARY STATEMENT**

The Plaintiff Eshawn Jessica Scipio hereby referred to as "Plaintiff E. Scipio" files this Complaint pursuant to the U.S. CONST. amend. V, and U.S. CONST. amend. XIV, § 1. This Complaint is also filed by the Plaintiff pursuant to the E-Government Act of 2002, 107 P.L. 347e(3)(4). The Plaintiff E. Scipio seeks to redress systemic corruption, administrative waste, and the intentional manipulation of federal court records. The Plaintiff E. Scipio, as alleges that the Defendant has engaged in a pattern of Fraud upon the Court by backdating dockets and suppressing the Plaintiff E. Scipio filings to ensure the dismissal of all her cases, complaints, appeals; along with her constitutional, and civil due process claims.

The Plaintiff E. Scipio, states and argues the following:

### **JURISDICTION AND VENUE**

1

1. The Plaintiff E. Scipio action arises pursuant to the Fifth and Fourteenth Amendments to the U.S. Constitution. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. The Plaintiff E. Scipio is seeking relief pursuant to 28 U.S.C. § § 2201-2202 and E-Government Act of 2002, Pub. L. No. 107-347, § 205(e). The Plaintiff E. Scipio is brining suit against the named defendant for damages resulting from the deprivation of constitutional rights under the color of federal law. See, <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971).

3. This venue is proper in this U.S. District, Florence Division because the Plaintiff resides in Darlington County, located in South Carolina, and the fraudulent PACER manipulations occurred in the records of Civil Case No. 4:23-cv-06088-JD and 4:23-cv-01223-JD; that is currently pending in the S.C. U.S. District Court, Florence Division.

### FACTUAL ALLEGATIONS

4. The Plaintiff E. Scipio is a United States citizen and resident of Darlington County, South Carolina. The Plaintiff E. Scipio is of the protected class of African Americans and classified as low-income.

5. The Defendant is solely responsible for the design, operation, security, accuracy, and integrity of the national PACER/CM/ECF electronic filing and docketing system. The Defendant has a non-delegable duty under the E-Government Act of 2002, FRCP 1, FRCP 79; and the Due Process Clause to maintain accurate, unaltered court records.

6. The Plaintiff E. Scipio filed a Complaint in Civil Case No. 4:23-cv-06088-JD. During the Plaintiff E. Scipio's litigation against Finklea, Hindricks, Blake, LLC; et al. PACER was assessed to engaged in docket fraud, backdating of entries, omission of timely filed

objections and exhibits, and fabrication of the U.S. Court electronic timelines. The PACER system is exclusively controlled and maintained by the defendant.

7. On July 8, 2024, the Plaintiff E. Scipio was charged $1.30; for 4 pages of documents pertaining to Civil Case No. 4:23-cv-06088-JD; IMG 21-0. However, the PACER Timeline now reflects IMG-21-0; 4-Pages, filed March 19, 2025; as "Order Ruling on Report and Recommendation".

8. This is irrefutable proof that the docket entry was altered after July 8, 2024, by the Defendant and or personnel under the Defendant's control.
   a. Additional fraud includes:
      i. Removal or permanent omission of the Plaintiff's timely filed objections, motions, and exhibits from the official docket in Civil Case No. 4:23-cv-01223-JD and 4:23-cv-06088-JD.
      ii. Fabrication of electronic timelines that falsely showed the Plaintiff's filings as untimely, causing the U.S. District Court and the U.S. Appeals Court to grant dispositive Orders and Judgments against her.
      iii. Suppression of filings across all two cases, preventing the Plaintiff from presenting and perfecting her appeals and obtaining a meaningful Fourth Circuit review.

9. These manipulations are not isolated clerical errors. This is a deliberate scheme that deprived the Plaintiff of her fundamental rights to a fair civil litigation, to present her evidence, file timely objections, and have a proper appellate review. These rights were not given to the Plaintiff violating her right to due process.

10. As a direct and proximate result, the Plaintiff suffered ongoing homelessness, identity theft caused by HUD Public Housing and Section 8 tenant record exposure in PACER. The Plaintiff was also permanent deprived of privacy, property, and liberty interests without due process.

## CAUSES OF ACTION

### COUNT I

### DUE PROCESS VIOLATION

11. Pursuant to USCS Const. Amend. 5, and USCS Const. Amend. 14, the Defendants' intentional backdating, removals, and fabrications of the Plaintiff's PACER docket entries deprives her, of her right to, property and liberty; without the meaningful opportunity to be heard. See, *Snyder v. Nolen, 380 F.3d 279, 2004 U.S. App. LEXIS 16673*; also see, *Gregory v. Thompson, 500 F.2d 59, 1974 U.S. App. LEXIS 7832*.

### COUNT II

### FRAUD UPON THE COURT

12. Pursuant to FRCP 60(b)(3) and FRCP 60(d)(3), the Plaintiff is guaranteed relief from "Judgments and Orders" in Civil Case Nos: 4:23-cv-01223-JD and 4:23-cv-06088; due to fraud. The Plaintiff only needs to prove that the Defendant "misconduct" prevented her from "fully and fairly presenting her case". See, *Rozier v. Ford Motor Co., 573 F.2d 1332, 1978 U.S. App. LEXIS 10874, 25 Fed. R. Serv. 2d (Callaghan) 1133, 3 Fed. R. Evid. Serv. (Callaghan) 119, 50 A.L.R. Fed. 914*.

13. The Plaintiff's PACER billing charge for IMG 21-0, on July 8, 2024; combined with the current March 19, 2025, PACER docket date; constitutes clear and convincing evidence of intentional misconduct. Fraud on the court has no statute of limitations. Intentional

disruption of the Plaintiff's PACER timeline justifies vacating judgments. See, *Lonardo v. Travelers Indemnity Co., 706 F. Supp. 2d 766 (N.D. Ohio 2010).*

14. Integrity of the judicial system was compromised by the fabrication of evidence in the Plaintiff's cases. See, *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S. Ct. 997, 88 L. Ed. 1250, 1944 U.S. LEXIS 1200, 61 U.S.P.Q. (BNA) 241*; also see, *In re Intermagnetics America, Inc., 926 F.2d 912, 1991 U.S. App. LEXIS 2847, 91 Cal. Daily Op. Service 1386, 21 Bankr. Ct. Dec. 631, 91 Daily Journal DAR 2238, 19 Fed. R. Serv. 3d (Callaghan) 742.*

15. The Defendant committed fraud on the court by altering official records in a manner that defiled the Plaintiff fair judicial process. If a judgment is obtained through a "corruption" of the judicial process the court not only has the power but the duty of correct it. See, *Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 66 S. Ct. 1176, 90 L. Ed. 1447, 1946 U.S. LEXIS 3153, 69 U.S.P.Q. (BNA) 454.*

16. Acting in bad faith towards the Plaintiff litigations, such as, the fabrication of PACR entries, misfiled exhibits, and changing PACER timelines; the Court can use its inherited powers to address such misconduct that falls outside of FRCP 11 and Rule 60. It's the duty of the Court to ensure its dockets and records remain truthful and accurate. See, *Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27, 1991 U.S. LEXIS 3318, 59 U.S.L.W. 4595, 91 Cal. Daily Op. Service 4222, 91 Daily Journal DAR 6585, 19 Fed. R. Serv. 3d (Callaghan) 817.*

## COUNT III

### E-GOVERNMENT ACT OF 2002 VIOLATION

17.     The Defendants failed to maintain accurate PACER electronic court records as required by law. The falsification of the Plaintiff's PACER timeline prevents the Plaintiff from have a fair and proper Civil Procedural Litigation within the S.C. U.S. District Court. Pursuant to 18 U.S.C § 1506, it's a federal crime to alter, falsify, or avoid any record within any United States court. See, *Whitaker v. City of Houston, 963 F.2d 831, 1992 U.S. App. LEXIS 14577, 59 Fair Empl. Prac. Cas. (BNA) 304, 59 Empl. Prac. Dec. (CCH) P41,599, 23 Fed. R. Serv. 3d (Callaghan) 365*; also see, *State ex rel. Ware v. Kurt, 169 Ohio St. 3d 223, 2022-Ohio-1627, 203 N.E.3d 665, 2022 Ohio LEXIS 983*.

## CONCLUSION

The Plaintiff seeks a declaration that the PACER docket entries in her Civil Case Nos.: 4:23-cv-01223-JD and 4:23-cv-06088-JD; are fraudulent and void. The Plaintiff seeks an injunction requiring immediate restoration of her true original docket and metadata. The Plaintiff seeks compensatory damages for loss of housing, identity theft harms, emotional distress, and constitutional deprivations.

WHEREFORE, the Plaintiff respectfully prays that this Court:

Award the Plaintiff compensatory damages and punitive damages in the amount of One Billion Dollars. ($1,000,000,000.00).

Declare all altered PACER docket entries in the Plaintiffs' Civil Case Nos.: 4-23-cv-01223-JD and 4:23-cv-06088-JD; to be fraudulent and void.

Order the immediate forensic restoration of the original July 8, 2024, and earlier docket states, including reinstatement of omitted filings and correction of all entries.

Grant permanent injunctive relief prohibiting further manipulation of the Plaintiff's records and requiring an independent audit.

Also granting other relief as this Court deems just and proper.

                                              Respectfully submitted,

February 20, 2026  
S.C. USDC, Florence

Eshawn Jessica Scipio, Pro Se  
3645 Middle Branch Rd  
Darlington, SC 29532  
E-Mail: eshawnscip@gmail.com